# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THERESA GARNER,

                 Plaintiff,

v.                                    Case No. 24-CV-631-JPS

FBI,

                                    **ORDER**

                 Defendant.

---

Plaintiff Theresa Garner ("Plaintiff") filed this action in the Southern District of New York in April 2024. ECF No. 1. She does not appear to have paid the filing fee there. The case was assigned to that District's Chief Judge Laura Taylor Swain, who found that Plaintiff should have filed her case in the Eastern District of Wisconsin. ECF No. 4 (citing 28 U.S.C. §§ 1402(b) and 1406(a)). Accordingly, the case was transferred to this District and assigned to this branch of the Court. *Id.* Shortly after Chief Judge Swain issued her transfer order, Plaintiff filed a motion to withdraw her complaint. ECF No. 5. Citing Federal Rule of Civil Procedure 1, Plaintiff "moves the Court for an Order to withdraw [her] complaint without prejudice" because she "no longer wishes to proceed with this lawsuit." *Id.* The Court will grant that request and dismiss this case without prejudice.[1]

---

[1]Parenthetically, the Court notes that the complaint, which spans more than 40 single-spaced pages including exhibits, is hardly "a short and plain statement of the claim" Plaintiff wishes to pursue, as required by Federal Rule of Civil Procedure 8. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas*

There is no indication that Plaintiff either moved for leave to proceed in forma pauperis or paid the filing fee in the Southern District of New York. Chief Judge Swain reserved the matter of "[w]hether Plaintiff should be permitted to proceed further without prepayment of fees" for this Court's determination, and "certifie[d], pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from [the transfer] order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal." ECF No. 4 at 2 (citing *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962)). Although every civil litigant must either pay the filing fee up-front or move for leave to proceed without doing so, since Plaintiff intends to dismiss her case—and since she did not previously move for leave to proceed in forma pauperis—the Court will not require her to do so at this time. However, Plaintiff is warned that she may not file future lawsuits without either paying the filing fee or moving for leave to proceed without doing so.

Accordingly,

**IT IS ORDERED** that Plaintiff Theresa Garner's motion to withdraw her complaint, ECF No. 5, be and the same hereby is **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

---

*v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *Garst*, 328 F.3d at 378). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id*.

The Court would be within its discretion to dismiss the current complaint on Rule 8 grounds. If Plaintiff intends to file another lawsuit based on the allegations in her current complaint, she must pare down those allegations so that her complaint complies with Rule 8.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of May, 2024.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.